IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVAN ROBINSON, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 23-CV-3352 |
| | : | |
| WYOMISSING POLICE DEPT, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

MARSTON, J.                                                                                                                             December 12, 2023

      Plaintiff Devan Robinson, a pretrial detainee currently confined at Lancaster County Prison, filed this *pro se* action alleging violations of his civil rights by multiple police departments, police officers, and the Berks County District Attorney's Office. (Doc. No. 1.) Robinson seeks leave to proceed *in forma pauperis*. For the following reasons, the Court grants Robinson *in forma pauperis* status and dismisses the complaint in part with prejudice and in part without prejudice. Robinson will be given an opportunity to cure the deficiencies discussed below by filing an amended complaint.

I.     FACTUAL ALLEGATIONS[1]

      The events alleged in the Complaint pertain to Robinson's arrest on December 14, 2022 and his subsequent prosecution. The publicly available state court dockets show that Robinson was arrested on December 14, 2022 in Berks County, Pennsylvania, on various drug charges. *See Commonwealth v. Robinson*, CP-06-CR-0000060-2023 (Berks Cnty. Ct. Comm. Pl.). Robinson entered a guilty plea to these charges and was sentenced on June 21, 2023. *Id.* The

---

[1] The allegations set forth in this Memorandum are taken from Robinson's Complaint and public records, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

state court docket further reveals that Robinson has an active criminal case pending in Lancaster County, Pennsylvania, where he is being held on burglary and related offenses for an incident that also occurred on December 14, 2022. *See Commonwealth v. Robinson*, CP-36-CR-0001116-2023 (Lancaster Cnty. Ct. Comm. Pl.). It is unclear which prosecution relates to the facts underlying this civil action.

With that discrepancy in mind, Robinson describes the events underlying the challenged arrest and prosecution as follows:

> After a brief police pursuit during which the pursuit was ended at the request of the Spring Township police, [Defendant] Officer [Andrew] Keene responded to 20 Wilson Street for an alleged attempted break-in. The homeowner said she was inside the home when she heard voices coming from the back yard. She then heard the sound of someone trying to open her back sliding door. The door was locked so entry was not gained. The homeowner looked outside and confronted [Robinson] and a black female during which [the homeowner] told [them] to leave and [they] left.

(*Id.* at 7.) After this incident, Robinson was apprehended, and "while in the interrogation room, Detective Joseph Klatt repeatedly said the female, identified as Jeylani Carela-Calderon, stated that [Robinson was the person who] tried to enter the home." (*Id.*) Robinson claims that video evidence contradicts Detective Klatt's assertion and that the witness did not mention him. (*Id.*)

Named as Defendants in the present action are: the Wyomissing Police Department, the West Reading Police Department, the Spring Township Police Department,[2] the Berks County District Attorney's Office, and Officer Keene of the Spring Township Police Department, who has been sued in both his individual and official capacity. (Doc. No. 1 at 1–4.) Robinson contends that "officers of each police department" engaged in selective prosecution, malicious prosecution, discrimination, abuse of power, defamation, and falsification of documents. (*Id.* at

---

[2] Wyomissing, West Reading, and Spring Township are all located in Berks County.

7.)  He reasons that "2 people were caught in the yard during the alleged attempted criminal trespass" and the Equal Protection Clause "dictates that 2 people in similar[ ] situations should be charged with guarantee[s] of freedom from unfair persecution such as selective prosecution and selective enforcement."  (*Id.*)  He further alleges that the Berks County District Attorney's Office wrongly continued to prosecute Robinson even after speaking with the homeowner.  (*Id.*)  As relief, Robinson seeks monetary damages, a public apology, and "for it to be stopped."[3]  (*Id.* at 6.)

## II.   STANDARD OF REVIEW

The Court grants Robinson leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4]  (Doc. No. 5.)  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, and the Court must dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[3] To the extent that Robinson seeks to be released from custody, the Court cannot grant such relief.  A prisoner seeking dismissal of state charges because of constitutional violations must pursue his claims in a petition for a writ of habeas corpus.  *See* 28 U.S.C. § 2241; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (providing that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim.  Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").  Accordingly, this claim is not plausible and is dismissed without prejudice so that Robinson may file a habeas petition seeking this relief if he so chooses.

[4] Because Robinson is a prisoner, he is obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

(quotations omitted). *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[ ] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [ ] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Robinson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.  DISCUSSION

The vehicle for bringing claims against state actors in federal court for federal constitutional violations is 42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights," but is merely a means through which a plaintiff may "vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To plead a § 1983 claim against a municipality, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

Here, Robinson brings claims under § 1983 for violation of his right to equal protection under the Fourteenth Amendment. (Doc. No. 1 at 6.) For the reasons discussed below, Robinson has failed to state a plausible § 1983 claim against the police departments, the Berks County District Attorney's Office, or Officer Keene in his individual and official capacities.

### A. Claims Against the Wyomissing Police Department, West Reading Police Department, Spring Township Police Department and the Berks County District Attorney's Office

Robinson names the Wyomissing Police Department, the West Reading Police Department, and the Spring Township Police Department as Defendants. Following *Monell*, courts have held that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See, e.g.*, *Johnson v. City of Erie*, 834 F. Supp. 873, 878–79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dep't*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that a police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Wyomissing Police Department, the West Reading Police Department, and the Spring Township Police Department are not proper defendants in this case under § 1983. Robinson's claims against these entities will be dismissed with prejudice.

For similar reasons, Robinson's claims against the Berks County District Attorney's Office will also be dismissed with prejudice. The United States Court of Appeals for the Third

Circuit has held that district attorney's offices in Pennsylvania are not entities subject to suit under § 1983.  *See Reitz v. County of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under § 1983.").  The claims against the Berks County District Attorney's Office will also be dismissed with prejudice.

### B.    Individual Capacity Claim Against Officer Keene

That leaves Robinson's claims against Officer Andrew Keene in both his individual and official capacity for selective enforcement, selective prosecution, malicious prosecution, defamation, and fabricating evidence.  The Court begins with the individual capacity claim.

#### 1.    Selective Enforcement and Prosecution

Robinson seeks to bring an equal protection claim for selective enforcement and prosecution.[5]  (*See* Doc. No. 1 at 7.)  He alleges that "multiple officers of the West Reading Police Department" including non-Defendants "Detective Klatt, Ryan Hurlbrink, Detective Korie Good, [and] Sgt. Schaffer," and Defendant Officer Keene, violated his rights when they charged only Robinson with criminal trespass.  (*Id.*)  It appears that Robinson believes that his rights were violated because the other individual that was allegedly with him at the scene of the crime was not charged.  (*See id.* ("Case law and the equal protection clause of the 14th Amendment dictates that 2 people in similarly situations should be charged with guarantee of freedom from unfair persecution such as selective prosecution and selective enforcement.")).

---

[5] The United States Court of Appeals for the Third Circuit has held that selective prosecution and selective enforcement "are different Fourteenth Amendment claims."  *Dique v. New Jersey State Police*, 603 F.3d 181, 188 n.10 (3d Cir. 2010).  "When a plaintiff's grievance is directed solely at police misconduct, the claim should be for selective enforcement."  *Davis v. Malitzki*, 451 F. App'x 228, 234 n.11 (3d Cir. 2011) (citing *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005)).  Nevertheless, the standards "are virtually identical."  *Id.*

6

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).  Selective enforcement and prosecution are "forms of discriminatory law enforcement that ha[ve] been held to violate the Equal Protection Clause of the Fourteenth Amendment since *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), which held officials liable for 'illegal discrimination' when they 'applied and administered' a facially neutral law 'with an evil eye and an unequal hand.'" *Davis v. Malitzki*, 451 F. App'x 228, 234 (3d Cir. 2011).  "Courts evaluate substantive claims for selective prosecution and enforcement under the same standard: a defendant bears the burden of 'providing clear evidence of discriminatory effect and discriminatory intent' or purpose." *United States v. Rashwan*, CRIMINAL ACTION NO. 22-118, 2023 WL 4471687, at *3 (E.D. Pa. July 11, 2023) (quoting *United States v. Washington*, 869 F.3d 193, 214 (3d Cir. 2017)).  Under the first prong, discriminatory effect, the plaintiff must allege facts tending to show that "similarly situated individuals of a differen[t] race or classification were not prosecuted, arrested, or otherwise investigated." *Washington*, 869 F.3d at 214.  "Persons are similarly situated under the Equal Protection Clause when they are alike in 'all relevant respects.'" *Startzell v. City of Philadelphia*, 533 F.3d 183, 203 (3d Cir. 2008) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).  To show discriminatory intent under the second prong, the plaintiff must allege that the "'decision to prosecute' or enforce 'was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor.'" *Rashwan*, 2023 WL 4471687, at *3 (quoting *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989))).

Here, Robinson has failed to allege a plausible equal protection claim against any individual, much less named Defendant Officer Keene. Robinson simply has not alleged that a "similarly situated individual," i.e., someone who was alike in "all relevant respects," was not prosecuted, nor has he alleged that the decision to prosecute him was based on an unjustifiable standard, such as race, religion, or some other arbitrary factor. Instead, Robinson contends in a conclusory manner that Officer Keene responded to 20 Wilson Street for an alleged attempted break-in, and that Officer Keene engaged in selective enforcement. (*See* Doc. No. 1 at 7.) He provides no further facts regarding Officer Keene's actions. Accordingly, any equal protection claim against Officer Keene in his individual capacity is dismissed without prejudice.

Similarly, to the extent Plaintiff intended to name as Defendants other "officers of the West Reading Police Department," including Detective Klatt, Ryan Hurlbrink, Detective Korie Good, [and] Sgt. Schaffer," Robinson fails to allege a plausible equal protection claim as against them. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Robinson has not alleged how these individuals were involved in the claimed violation of his equal protection rights.

Plaintiff's claims for selective enforcement and prosecution as against Officer Keene are therefore dismissed without prejudice.

### 2. **Remaining Claims**

Robinson also contends that "officers of each police department," including Officer Keene, engaged in malicious prosecution, defamation, and fabricating evidence. (*See* Doc. No. 1 at 7.) Where there are multiple events and defendants at issue, a plaintiff has not met the pleading standard by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (affirming finding of district court that the amended complaint did not meet *Iqbal*'s pleading directive because the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged"). Indeed, most of Robinson's allegations are pled in the collective, without supporting facts, and appear to discuss a range of conduct across several court proceedings. This makes it difficult for the Court to discern with any clarity what Officer Keene—or any other individual police officer—is alleged to have done.[6] Accordingly, these claims are also dismissed without prejudice as against Officer Keene.

---

[6] Further, it is possible that certain of Robinson's claims are barred by the principle set forth in *Heck v. Humphrey*, *i.e.*, that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. 477, 486–87 (1994) (footnote and citation omitted). As noted above, Robinson pled guilty to the Berks County drug charges, while the Lancaster County burglary and related charges remain pending. Due to the generalized and undeveloped manner in which Robinson presented the allegations in his Complaint, however, the Court cannot determine which charges relate to which allegations and claims.

The Court also notes that under the doctrine of abstention developed in *Younger v. Harris*, 401 U.S. 37 (1971), there is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see also PDX N. Inc. v. Comm'r N.J. Dep't of Labor & Workforce Develop.*, 978 F.3d 871, 882 (3d Cir. 2020) (explaining that *Younger* abstention is appropriate when consideration of the federal claims would interfere with a pending state criminal prosecution). Because Robinson's claims are so undeveloped, the Court does not address at this time whether *Younger* abstention necessitates that any claims be stayed pending resolution of the state criminal proceedings.

### C.     Official Capacity Claim Against Officer Keene

Robinson checked the box on the form Complaint to indicate that he seeks to bring claims against Officer Keene of the Spring Township Police Department in his official capacity as well as individual capacity.  (*See* Doc. No. 1 at 3.)  Claims against municipal officials named in their official capacity are indistinguishable from claims against the municipality that employs them.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell*, 436 U.S. at 690 n.55)).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

Nevertheless, a municipality such as Spring Township is not vicariously liable under § 1983 for the actions of its employees.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (outlining that local governments can be liable as "persons" under § 1983; however, this liability extends only to "their *own* illegal acts." (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986))).  Instead, to state a claim for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a

---

However, if Robinson files an amended complaint raising nonconclusory claims, the Court will consider whether the doctrine is applicable.

given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). For a custom to be the proximate cause of an injury, the defendant must have "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that [ ] failure, at least in part, led to [the plaintiff's] injury." *Id.* (internal quotations and alterations omitted). In other words, "[c]ustom requires proof of knowledge and acquiescence by [a municipal] decisionmaker." *McTernan*, 564 F.3d at 658; *see also Baker v. Monroe Township*, 50 F.3d 1186, 1191 (3d Cir. 1995) (explaining that to establish municipal liability, the plaintiff "must show that a policymaker for the Township authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence").[7]

To the extent Robinson seeks damages from Officer Keene in his official capacity, he has failed to allege facts that support *Monell* liability. Robinson simply has not pled that Spring Township had a policy or custom with respect to any of the alleged constitutional violations, that such policy or custom caused the constitutional violation, or that municipal failures amounted to deliberate indifference. Accordingly, the official capacity claims against Officer Keene are not plausible and will be dismissed without prejudice.

## IV. CONCLUSION

As set forth more fully above, Robinson's § 1983 claims against the Wyomissing Police Department, the West Reading Police Department, the Spring Township Police Department, and

---

[7] A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

the Berks County District Attorney's Office, will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because they are not plausible and amendment of these claims would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints with leave to amend "unless amendment would be inequitable or futile."). All other claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as not plausible.

Robinson will be given an opportunity to correct the defects in his claims by filing an amended complaint. Any amended complaint must clearly describe the factual basis for Robinson's claims and how each defendant was personally involved in the alleged denial of his constitutional rights. Robinson may not reassert a claim that has already been dismissed with prejudice or rename a party that has already been terminated from this case. An appropriate Order follows, which provides further instruction as to amendment.